**F I L E D**

PUBLISH

**OCT 28 2003**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff - Appellant,

vs.

W. H. BRAUM, INC., d/b/a Braum's
Ice Cream and Dairy Store, an
Oklahoma corporation,

    Defendant - Appellee.

No. 02-7046

EVA WILLIS,

    Movant.

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**
**(D.C. No. 01-CV-215-P)**

Joseph A. Seiner (Nicholas M. Inzeo, Acting Deputy General Counsel, Philip B.
Sklover, Associate General Counsel and Carolyn L. Wheeler, Assistant General
Counsel, on the briefs), Equal Employment Opportunity Commission, Office of
General Counsel, Washington, D.C., for Plaintiff - Appellant.

Jim T. Priest (and Robert E. Norman, with him on the brief), McKinney &
Stringer, P.C., Oklahoma City, Oklahoma, for Defendant - Appellee.

Before **EBEL**, **BALDOCK**, and **KELLY**, Circuit Judges.

**KELLY**, Circuit Judge.

The Equal Employment Opportunity Commission ("EEOC") sued Defendant W.H. Braum, Inc. ("Braum") on behalf of Eva Willis alleging disability employment discrimination in violation of the Americans with Disabilities Act ("ADA"). 42 U.S.C. §§ 12111-17. Prior to the EEOC's suit, Ms. Willis filed suit individually against Braum in federal court alleging a violation of the ADA. However, immediately after filing suit, Ms. Willis dismissed the action without prejudice. The EEOC subsequently brought this suit on her behalf. On Braum's motion to dismiss, the district court, importing a state statute of limitations, held Ms. Willis was now barred from reasserting her federal ADA claim. Based on its holding that Ms. Willis was time-barred, the district court held the EEOC could not seek individual monetary relief on Ms. Willis's behalf and limited the EEOC to injunctive relief. We have jurisdiction under 28 U.S.C. § 1292(b). We reverse and remand.

Background

Eva Willis claims she applied for a position and was denied employment at Braum's store in Madill, Oklahoma on December 1, 1997. Aplt. App. at 20. The parties agree that Ms. Willis filed a timely charge of discrimination with the

EEOC on August 3, 1998, claiming Braum discriminated against her on the basis of a disability in violation of the ADA.  Id. at 22, 30.

On November 29, 1999, more than 180 days after she filed her charge with the EEOC, Ms. Willis filed a lawsuit against Braum in federal district court alleging discrimination under the ADA, as well as state law claims for employment discrimination and intentional infliction of emotional distress.  Id. at 23.  Before Braum filed any responsive pleadings, however, Ms. Willis dismissed the suit without prejudice on December 27, 1999.  Id.  The EEOC subsequently filed this suit against Braum on Ms. Willis's behalf on June 21, 2001.  Although Ms. Willis refiled her state law claims in state court in January 2001, she never refiled her federal ADA claim.  Her state court action was subsequently removed to federal court and consolidated with this action.  Id.

In September 2001, Braum filed a partial motion to dismiss, alleging that Ms. Willis was time-barred from bringing her state law claims under Oklahoma's state statute of limitations.  In addition, Braum argued that Oklahoma's limitation period also precluded Ms. Willis from refiling her federal ADA claim.  Finally, Braum argued that because Ms. Willis's ADA claim was time-barred, the EEOC was also barred from seeking any individual relief on her behalf.  The district court agreed, dismissing Ms. Willis's state law claims as time-barred.  In addition, the court applied Oklahoma's state statute of limitations to hold that Ms.

Willis was barred from reasserting her federal ADA claim. Based on the determination that Ms. Willis was barred from seeking relief under the federal ADA, the district court concluded "the EEOC cannot recover monetary or benefit relief on her behalf." Aplt. App. at 25.

The EEOC sought reconsideration based on the Supreme Court's opinion in EEOC v. Waffle House, Inc., 534 U.S. 279, 285 (2002). The court issued a second order on February 21, 2002, in which it granted in part and denied in part the EEOC's request. Aplt. App. at 26-35. The court granted the request to the extent the prior order was inconsistent with the opinion in Waffle House and denied the motion in all other respects. Id. at 34. The court again concluded that Ms. Willis's claim was time-barred. Based on the derivative nature of the EEOC's claim, the district court held the EEOC was barred based on principles of res judicata from attempting to reassert any individual claims on Ms. Willis's behalf. The court reaffirmed that the EEOC could seek injunctive relief. Id. at 35. The district court stayed the case and certified this matter for immediate appeal pursuant to 28 U.S.C. § 1292(b), and this court granted the petition for interlocutory appeal. Aplt. App. at 35.

The EEOC asserts the district court erred in several respects: (1) the EEOC claims it is inappropriate to import a state statute of limitation to apply to individual claims by aggrieved employees under the ADA; and (2) the EEOC is

not barred under the doctrine of res judicata from seeking individual relief on Ms. Willis's behalf.

Discussion

Defendant's motion to dismiss is more properly characterized as a motion for judgment on the pleadings because the motion was made after the pleadings had been closed. Fed. R. Civ. P. 12(c). "We review de novo the denial of a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), applying the same standard as the district court–accepting all well-pleaded allegations in the complaint as true, and construing them in the light most favorable to the plaintiff." Estes v. Wyoming Dept. of Transp., 302 F.3d 1200, 1203 (10th Cir. 2002). Further, the issue of the proper limitations period under the ADA is primarily a legal question, and therefore we review de novo. See United States v. Telluride Co., 146 F.3d 1241, 1244 (10th Cir. 1998).

I. Procedural Framework of the ADA

Title I of the ADA prohibits employment discrimination on the basis of disability. 42 U.S.C. §§ 12111-17. Title II of the ADA addresses public services and entities discrimination, 42 U.S.C. §§ 12131-65, while Title III addresses accommodations and services discrimination. 42 U.S.C. §§ 12181-89. Title I is unique from Title II and III in that Title I incorporates the powers, remedies, and

procedures of Title VII of the Civil Rights Act of 1964.  Id. § 12117.[1]  Therefore

"Congress has directed the EEOC to exercise the same enforcement powers,

remedies, and procedures that are set forth in Title VII . . . when it is enforcing

the ADA's prohibitions against employment discrimination on the basis of

disability."  EEOC v. Waffle House, Inc., 534 U.S. 279, 285 (2002).  The

provisions of Title VII that define the EEOC's authority and create the federal

scheme of enforcement thus provide the framework for our analysis.

The Supreme Court discussed at length the EEOC's function and the overall

enforcement scheme in Occidental Life Insurance Co. v. EEOC, 432 U.S. 355,

358-73 (1977).  Although the EEOC originally was involved only in conciliation

efforts, with the enactment of the Equal Employment Opportunity Act of 1972,

"Congress established an integrated, multi-step enforcement procedure

culminating in the EEOC's authority to bring a civil action in a federal court."

Id. at 359.  The process is initiated when an aggrieved party first files a charge

with the EEOC alleging that an employer engaged in an unlawful employment

---

[1]Section 12117(a) provides:

The powers, remedies, and procedures set forth in sections 2000e-4,
2000e-5, 2000e-6, 2000e-8, and 2000e-9 of this title shall be the
powers, remedies, and procedures this subchapter provides to the
Commission, to the Attorney General, or to any person alleging
discrimination on the basis of disability in violation of any provision
of this chapter, or regulations promulgated under section 12116 of
this title, concerning employment.

practice. 42 U.S.C. § 2000e-5(b). The charge must be filed with the EEOC within 180 days of the challenged action. Id. § 2000e-5(e)(1). The statute provides for an extended 300-day filing period "in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief." Id.; see Smith v. Oral Roberts Evangelistic Ass'n, Inc., 731 F.2d 684, 687-88 (10th Cir. 1984).[2] The EEOC serves notice on the employer within ten days of the filing. § 2000e-5(b).

Once a charge is filed, the EEOC investigates the charges. Id. The EEOC has "exclusive jurisdiction over the claim for 180 days." Waffle House, Inc., 534 U.S. at 291. If the EEOC determines that "there is not reasonable cause to believe that the charge is true," it dismisses the charge and notifies the person aggrieved. § 2000e-5(b). However, if the EEOC determines there is reasonable cause to believe the charge is true, the EEOC attempts to eliminate the unlawful practice through informal means. Id. If the EEOC is unable to obtain an acceptable conciliation agreement, the EEOC may bring a civil action against the employer. Id. § 2000e-5(f)(1). If the EEOC decides to sue, "the employee has no

_____

[2]States that have such agencies are referred to as "deferral states." Davidson v. America Online, Inc., 337 F.3d 1179, 1183 n.1 (10th Cir. 2003). Oklahoma is a deferral state. See Okla. Stat. tit. 25, § 1502; Smith, 731 F.2d at 686.

independent cause of action, although the employee may intervene in the EEOC's suit." Waffle House, 534 U.S. at 291; see § 2000e-5(f)(1). However, if a

> charge filed with the Commission . . . is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge . . . , the Commission has not filed a civil action under this section . . ., or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge.

Id. (emphasis added). The notice by the Commission to the aggrieved individual is commonly known as a "right-to-sue" letter. Waffle House, 534 U.S. at 291.

In Occidental, the Supreme Court held that EEOC enforcement actions are not subject to state statutes of limitation, but rather that the federal enforcement structure itself provides the time limitations for EEOC actions. 432 U.S. at 372. The Court held it was inappropriate to apply state statutes of limitations to the EEOC's actions, stating that "absorption of state limitations would be inconsistent with the congressional intent underlying the enactment of the 1972 amendments." Id. at 369. The Court instead held that the procedural framework itself provides a statute of limitations, with the "benchmark" measured not by some end date but rather by "the commencement of the proceeding before the administrative body." Id. at 372.

II. Limitations Period as Applied to Individual Claims Under the ADA

The district court did not impose a state statute of limitations directly on

the EEOC itself. Aplt. App. at 27 n.2. Rather, the court held there was a gap in the federal scheme with regard to the appropriate statute of limitations for individual employee claims brought under the ADA. The court applied Oklahoma's two-year statute of limitations, 12 Okla. Stat. Ann. tit. 12, § 95, to Ms. Willis's claim as of the date of the alleged injury, holding the statute of limitations had therefore passed on her individual ADA claim. Aplt. App. at 31.

Where Congress creates a cause of action without specifying the time period within which it may be brought, courts may infer that Congress intended the most analogous state statute of limitations to apply. See Agency Holding Corp. v. Malley-Duff & Assoc., Inc., 483 U.S. 143, 146-47 (1987); Industrial Const. Corp. v. Bureau of Reclamation, 15 F.3d 963, 968 (10th Cir. 1994) ("Where Congress has not enacted an express statute of limitations for a particular cause of action, federal courts generally borrow and apply the most analogous state statute of limitations, unless to do so would be inconsistent with federal law."). We have applied state statutes of limitations in 42 U.S.C. § 1983 claims, Garcia v. Wilson, 731 F.2d 640-42 (10th Cir. 1984), and in claims under the Rehabilitation Act, Baker v. Bd. of Regents of State of Kan., 991 F.2d 628, 631-32 (10th Cir. 1993). Other circuits have applied state statutes of limitations to claims brought under Titles II and III of the ADA. See Everett v. Cobb County School Dist., 138 F.3d 1407, 1409 (11th Cir. 1998) (applying Georgia's two-year

state statute of limitations for personal injury actions to Title II claim); Soignier v. Am. Bd. of Plastic Surgery, 92 F.3d 547, 551 (7th Cir. 1996) (applying Illinois' two-year state statute of limitations to Title III claim).

However, "[i]f Congress explicitly puts a limit upon the time for enforcing a right which it created, there is an end of the matter. The Congressional statute of limitation is definitive." Holmberg v. Armbrecht, 327 U.S. 392, 395 (1946). In such a case, there is no gap that must be filled by borrowing a state statute of limitations.

In this case, the district court mistakenly relied upon Garcia, Soignier, and Everett as supporting importation of a state statute of limitations to individual employment discrimination claims under the ADA. Aplt. App. at 30-31 (Order on Reconsideration). The Defendant's reliance on these cases is equally mistaken. Aplee. Br. 12-13. Title II and Title III of the ADA differ from Title I in that they do not incorporate the full remedial scheme of Title VII. As a result, courts have held there is a gap in Title II and III of the ADA that must be filled by applying an analogous state statute of limitations. See, e.g., Everett, 138 F.3d at 1409; Soignier, 92 F.3d at 551. However, Title I expressly adopts the statutory scheme of Title VII. 42 U.S.C. § 12117(a). Therefore the correct analysis is whether there is a gap in the Title VII framework that should be filled with a state statute of limitations.

There is no gap in Title VII's scheme such that a state statute of limitations should be imported to apply to aggrieved employees' claims. Congress has explicitly provided time limitations within the statute that work together to provide a particular time frame in which personal actions may be brought under the ADA. First, as a prerequisite to suit, the employee must file a charge with the EEOC within the required statutory time period. 42 U.S.C. § 2000e-5(b). Second, the EEOC has exclusive jurisdiction over the claim for the first 180 days after the charge is filed. Id. § 2000e-5(f)(1). Finally, once the EEOC determines not to pursue the charge, the employee has ninety days from receipt of the right to sue letter in which to file suit. Id.

This scheme sets forth the complete time-line for proceeding with a claim of discrimination under the ADA. Congress provided a benchmark for purposes of a statute of limitations–the date upon which an aggrieved employee must file a charge with the EEOC. See Occidental, 432 U.S. at 373. Such a conclusion is consistent "with the Act's overall enforcement structure [of] a sequential series of steps beginning with the filing of a charge with the EEOC." Id. at 372. This benchmark, along with the applicable time limitations, was clearly set forth by Congress and is thus definitive.

The concerns raised in Occidental that caution against importation of a state statute of limitations as applied to the EEOC equally caution against

applying a state statute of limitations to claims by individual plaintiffs. Importation of a state statute of limitations would result in direct conflict with the federally established timetable, cause confusion to individual plaintiffs, cut off the conciliation process, and force additional individual cases into court. See Occidental, 432 U.S. at 368-71; Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 472-73 (3d Cir. 2001).

It would be wholly inconsistent with the statutory limitations already in place to import a state statute of limitations for individual plaintiffs. Regardless of whether such a limitation would run from the date of injury as the district court held, or from the expiration of the 180 days in which the EEOC has exclusive jurisdiction over the claim as the Defendant argues, it would frustrate the federal scheme to apply an additional time limitation to aggrieved individuals. As the court expressed in Occidental regarding the EEOC, in certain instances, the application of a state statute of limitations would "directly conflict with the timetable for administrative action expressly established in the 1972 Act." Occidental, 432 U.S. at 370.

First, where the EEOC does not take action on a filed charge until after the state statutory time period has run, the aggrieved employee will be forced to decide whether to file suit without knowing whether the EEOC intends to pursue the action on his or her behalf. The Supreme Court has held that state statutes of

limitations are not applicable to the EEOC. <u>Occidental</u>, 432 U.S. at 373. The

Supreme Court also has recognized the EEOC has an "enormous backlog of

cases," resulting in aggrieved persons waiting up to two years for action on their

charge. <u>Id.</u> at 370. Therefore, the EEOC is not required to be finished with its

investigation and conciliation efforts at the end of the 180 days, and often such

efforts take years. <u>See</u>, <u>e.g.</u>, <u>Occidental</u>, 432 U.S. at 357 (EEOC filed suit

approximately three years after employee initially complained to the EEOC). If

the aggrieved employee were required to sue within two years of the alleged

injury or two years of the expiration of the 180 days, "an aggrieved person would

be required to either sue . . . or lose his right to sue without knowing whether or

not the Commission would file suit on his behalf." <u>Tuft v. McDonnell Douglas

Corp.</u>, 517 F.2d 1301, 1309 (8th Cir. 1975). This undermines the national policy

that requires "employment discrimination claims to be investigated by the EEOC

and, whenever possible, administratively resolved before suit is brought in a

federal court." <u>Occidental</u>, 432 U.S. at 368.

Second, if the EEOC acted immediately upon a charge of discrimination

and issued a right-to-sue letter to the aggrieved employee, the federal scheme

requires him or her to file suit within ninety days of receipt of the letter. 42

U.S.C. § 2000e-5(f)(1); <u>see</u> <u>Jackson v. Continental Cargo-Denver</u>, 183 F.3d 1186,

1187-89 (10th Cir. 1999). Applying a state statute of limitations that may run

longer than this ninety-day period would result in a direct conflict with the statutory language, causing confusion on the part of aggrieved persons who are attempting to follow both state and federal time limitations. Congress did not intend that aggrieved employees be forced to make difficult choices between filing an individual suit within some outside statute of limitations or comporting with the federal scheme set forth by Congress.

As the Supreme Court in Occidental concluded, "even in cases involving no inevitable and direct conflict with the express time periods provided in the Act, absorption of state limitations would be inconsistent with the congressional intent underlying the enactment of the 1972 amendments." 432 U.S. at 369. Congress's intent in giving the EEOC the power to resolve disputes and bring suit on behalf of aggrieved individuals was to make "recourse to the private lawsuit . . . the exception and not the rule." Occidental, 432 U.S. at 366 (quoting 118 Cong. Rec. 7168 (1972)). Imposing a state statute of limitations on top of the federal scheme would force private parties into court in order to preserve their claims whenever the EEOC's investigative and conciliation process extended beyond the state statute of limitations.

Other courts of appeals have likewise rejected the application of state statutes of limitations in Title VII cases. The Third Circuit recently addressed this issue and rejected the argument that there is a gap in the Title VII limitations

periods that must be filled by state statute.  Burgh v. Borough Council of Borough

of Montrose, 251 F.3d 465, 470 (3d Cir. 2001).  The court held "Congress did

provide a statutory limitations period for employment discrimination claims; in

fact, Congress provided two periods," the time period in which to bring a charge

and the ninety-day time period in which to bring suit following receipt of the

right-to-sue letter.  Id. at 472.  The court concluded:

> These two periods together represent the congressional determination
> of the relevant and proper time limitations under Title VII.  The
> imposition of an additional limitations period is inconsistent, and
> indeed in direct conflict, with the plain language of the federal
> statute.  There is no gap to fill and thus no need to import a state
> limitations period as a gap filler.  The statute by its terms establishes
> the two appropriate time requirements that a complainant must satisfy
> in order to bring a timely claim.

Id.  Likewise, the Ninth Circuit, citing Occidental, held that Title VII, even for

the individual employee, "does not borrow state statutes of limitations because the

time limits for filing a charge and giving notice to the employer are a

Congressionally established statute of limitations."  Kirk v. Rockwell Int'l Corp.,

578 F.2d 814, 819 (9th Cir. 1978).  The Sixth Circuit has also held that the

procedures establish their "own statute of limitations, and state law is irrelevant

in determining whether a private individual has lost his right of action under Title

VII through the passage of time."  Draper v. U.S. Pipe and Foundry Co., 527 F.2d

515, 522 (6th Cir. 1975).  Rather, "Title VII provides specific time periods for the

filing of a charge with the EEOC and for commencing a civil action after receipt

- 15 -

of the right-to-sue letter." Id. See also Perdue v. Roy Stone Transfer Corp., 690 F.2d 1091, 1094 (4th Cir. 1982) (recognizing that one of the policies behind the required issuance of the right-to-sue letter is that it "initiates the running of the statute of limitations for private actions").

We recognize the needs of defendants for notice and finality. However, Congress has already anticipated these concerns and provided for them. Under the federal scheme, notice is provided to defendants within ten days of a charge being filed with the EEOC. 42 U.S.C. § 2000e-5(b). In addition, "during the pendency of EEOC administrative proceedings, a potential defendant is kept informed of the progress of the action." Occidental, 432 U.S. at 372. The procedures do provide limitations on the EEOC and individual employees by imposing an initial date upon which a charge must be filed and a requirement that individuals must sue within ninety days of receiving a right-to-sue letter. In addition, the Court in Occidental noted that where the time limitations do not adequately address such concerns, "the federal courts do not lack the power to provide relief." Id. at 373. Where a defendant is prejudiced by a "private plaintiff's unexcused conduct" in a case, the court has "discretionary power to locate a just result in light of the circumstances peculiar to the case." Id. (internal quotations omitted); see Marshall v. Intermountain Elec. Co., Inc., 614 F.2d 260, 263 (10th Cir. 1980) (recognizing that although a state statute of limitations does

- 16 -

not apply to the EEOC, the doctrine of laches may be applied to limit relief).

Applying our holding, Ms. Willis timely filed a charge with the EEOC within the required 300-day period. Because the EEOC filed suit on her behalf, Ms. Willis never received a right-to-sue letter and she never refiled her ADA claim. Thus the ninety-day period is inapplicable in this case. Ms. Willis therefore complied with the requirements of the statute in this case and the district court erred in applying a state statute of limitations in this instance.

Braum argues that even if a state statute of limitations is not applied to Ms. Willis's claim, the district court was still correct in its conclusion that Ms. Willis is now time-barred. Braum argues Ms. Willis originally filed her claim in a timely manner after the expiration of the 180-day period in which the EEOC had exclusive jurisdiction. Because Ms. Willis chose to file suit on her own behalf, Braum argues her dismissal of that suit and subsequent failure to re-file now bar Ms. Willis from seeking any relief under the ADA. We disagree.

Braum is correct that the federal district court had jurisdiction over Ms. Willis's initial ADA claim. The EEOC has exclusive jurisdiction over a claim during the 180 days following the filing of a charge with the EEOC by an aggrieved individual. Waffle House, 534 U.S. at 291. During this time an individual employee may not bring suit in federal court. Courts have held that where an aggrieved employee files suit after the expiration of the 180 days,

- 17 -

however, jurisdiction over his or her claim exists, even if a right-to-sue letter was not actually received. See Perdue v. Roy Stone Transfer Corp., 690 F.2d 1091, 1093 (4th Cir. 1982). The Perdue court held jurisdiction arises at this time in order to protect the employee: "The Commission's failure actually to issue the notice cannot defeat the claimant's statutory right to sue in the district court, for '[a] Title VII claimant is not charged with the commission's failure to perform its statutory duties.'" Id. (quoting Russell v. Am. Tobacco Co., 528 F.2d 357, 365 (4th Cir. 1975))(alteration in original). Therefore when Ms. Willis filed suit on November 29, 1999, more than 180 days after she filed her charge with the EEOC, the district court properly had jurisdiction over her claim.

In this instance, however, Ms. Willis immediately dismissed her claim prior to any responsive pleadings by the Defendant. Where a case is voluntarily dismissed without prejudice, the dismissal "leaves the parties as though the action had never been brought." Brown v. Hartshorne Public School Dist. No. 1, 926 F.2d 959, 961 (10th Cir. 1991). Ms. Willis chose to defer to the EEOC, allowing the EEOC to sue on her behalf. Because Ms. Willis voluntarily dismissed her claim without prejudice, it is as though she never filed a federal ADA claim in the first place. To the extent that the Defendant attempts to import an outside statute of limitations that requires Ms. Willis either to refile or be time-barred, our above discussion applies. The federal scheme is complete and it is inappropriate to

import state statutes of limitations, such as a savings clause, to time-bar an individual aggrieved employee under the ADA.

Additionally, to the extent Braum argues Ms. Willis must file suit in order to preserve her claim, this argument has no merit. The statute gives the EEOC authority to bring an action on behalf of an individual. Where the EEOC brings suit, the individual is then barred from separately filing a cause of action, and their only recourse is to intervene in the EEOC's suit. Waffle House, Inc., 534 U.S. at 291. The scheme does not require that the employee file suit on his or her own behalf, and in fact, the intent is that "recourse to the private lawsuit will be the exception and not the rule." Occidental, 432 U.S. at 365 (quoting 118 Cong. Rec. 7168 (1972)).

The parties agree that Ms. Willis filed a timely charge with the EEOC. The EEOC properly brought suit on her behalf. Although Ms. Willis did initially file suit in federal court, she dismissed this suit without prejudice, and it is as if this action was never brought. We therefore reverse the district court's holding that Ms. Willis's federal ADA claim was time-barred.[3]

III. Application of Res Judicata

---

[3]This is not to say that Ms. Willis may file a claim under the ADA. The EEOC filed suit on Ms. Willis's behalf in this case, and where the "EEOC files suit on its own, the employee has no independent cause of action." Waffle House, 534 U.S. at 291. The statute does give the aggrieved employee "the right to intervene" in the EEOC's suit. 42 U.S.C. § 2000e-5.

The district court held that because Ms. Willis was barred from individually bringing an ADA claim based on the state statute of limitations, the EEOC was also barred from seeking any monetary relief on her part. The district court therefore limited the EEOC to injunctive relief based on the derivative nature of the EEOC's claim and the doctrine of res judicata.

The EEOC is not barred from asserting claims for both individual relief and injunctive relief at this time. An aggrieved employee's conduct "may have the effect of limiting the relief that the EEOC may obtain in court." Waffle House, 534 U.S. at 296. However, Braum has failed to show any conduct on Ms. Willis's behalf that in any way limits the relief the EEOC may seek. Ms. Willis's prior ADA claim was dismissed without prejudice. A "dismissal without prejudice is a dismissal that does not operate as an adjudication upon the merits, and thus does not have a res judicata effect." Satsky v. Paramount Communications, Inc. 7 F.3d 1464, 1468 (10th Cir. 1993) (internal quotations and citations omitted). In addition, based on our above conclusions, because there is no basis for time-barring Ms. Willis, there is no basis for arguing the EEOC is derivatively time-barred.

We REVERSE the district court's orders of dismissal in favor of Defendant, VACATE its stay of the case, and REMAND for further proceedings consistent with this opinion.