**F I L E D**

**UNITED STATES COURT OF APPEALS**

**OCT 28 2003**

**TENTH CIRCUIT**

EVA WILLIS,

      Plaintiff - Appellant,

v.

W. H. BRAUM, INC., f/k/a Braum's
Ice Cream Stores, Inc.,

      Defendant - Appellee.

No. 02-7038
(D.C. No. 01-CV-353-P)
(E.D. Okla.)

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

      Plaintiff,

v.

W. H. BRAUM, INC., d/b/a Braum's
Ice Cream and Dairy Store, an
Oklahoma corporation,

      Defendant - Appellee.

No. 02-7039
(D.C. No. 01-CV-215-P)
(E.D. Okla.)

EVA WILLIS,

      Movant - Appellant.

**ORDER AND JUDGMENT**[*]

---

    [*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court

Before **EBEL**, **BALDOCK**, and **KELLY**, Circuit Judges.

Eva Willis sued W.H. Braum, Inc. ("Braum") in Oklahoma state court alleging state claims of employment discrimination based on disability and intentional infliction of emotional distress. Ms. Willis's claims were subsequently removed to federal court and consolidated with a suit brought on her behalf by the Equal Employment Opportunity Commission ("EEOC") against Braum for violations of the federal Americans with Disabilities Act ("ADA"). The district court dismissed Ms. Willis's claims after determining they were time-barred under the applicable statute of limitations. The court also denied Ms. Willis's motion to intervene in the EEOC's case. We affirm the dismissal of Ms. Willis's state claims and remand for further consideration of Ms. Willis's motion to intervene.

Background

Eva Willis claims she applied for a position at Braum's store in Madill, Oklahoma on December 1, 1997, and was told it was not hiring. Aplt. App. at 20. On December 4, 1997, Ms. Willis alleges she saw a fellow female high school

generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

student interviewed and hired by Braum while she was in the store. Id. Ms. Willis was born with a cleft palate and cleft lip which has caused a cosmetic disfigurement and a speech impediment, and she alleges this disability is the basis for Braum's actions. Id. at 96. Ms. Willis subsequently contacted the Oklahoma Human Rights Commission ("OHRC"), id. at 94, and filed a charge of discrimination with the EEOC on or before August 3, 1998, id. at 56.

On November 29, 1999, while the EEOC was still reviewing Ms. Willis's claim, she filed suit against Braum in federal district court, asserting three claims: a claim for employment discrimination based on disability under the ADA, a state employment discrimination claim, and a state intentional infliction of emotional distress claim. Id. at 19-22. Before Braum filed an answer, on December 27, 1999, Ms. Willis filed a pleading entitled "Dismissal Without Prejudice" with the court. Id. at 57. The court construed it as a motion for dismissal and filed an Order on January 5, 2000, dismissing the action without prejudice. Id. at 23.

On April 16, 2001, the EEOC brought suit against Braum on Ms. Willis's behalf alleging violations of the ADA. Id. at 28-32. Ms. Willis again filed suit in state court on January 2, 2001, re-asserting only her state law claims of discrimination and intentional infliction of emotional distress. Id. at 24-27. Braum removed the state case to federal court where it was consolidated with the EEOC action on July 17, 2001. Id. at 41.

On December 31, 2001, the district court dismissed Ms. Willis's claims as time-barred under the Oklahoma state statute of limitations. Id. at 116. The court alternately found Ms. Willis's state employment discrimination claim barred due to Ms. Willis's failure to timely file a charge of discrimination with the OHRC or the EEOC. Id. at 118 n.1. In the same order, the court concluded that because Ms. Willis was time-barred from re-asserting her federal ADA claim, the EEOC was barred from seeking individual relief on her behalf. The court therefore limited the EEOC to injunctive relief. Id. at 119. In a contemporaneous opinion, we have reversed those determinations and held neither Ms. Willis nor the EEOC is time-barred because it is inappropriate to import a state statute of limitations to apply to federal ADA claims. See EEOC v. W.H. Braum, Inc., _____ F.3d _____ (2003) (No. 02-7046).

Following dismissal of her state claims, Ms. Willis moved to intervene in the EEOC's action as a matter of right on January 24, 2002. Aplt. App. at 144-51. The court denied intervention, stating in a subsequent order that "[t]his court denied the motion . . . based on the December 31, 2001 order . . . and Fed. R. Civ. P. 24(a) as intervention at this late date in the proceedings would cause undue delay and prejudice." Id. at 158 n.3.

<u>Discussion</u>

Appellant contends that she is not time-barred under the applicable statute of limitations and that she filed her charge of discrimination with the EEOC and OHRC in a timely manner. In addition, appellant claims the district court incorrectly denied her right to intervene in the EEOC's suit. Whether Ms. Willis is precluded under the statute of limitations from bringing her claim is a question of law which we review de novo. <u>United States v. Hurst</u>, 322 F.3d 1256, 1259 (10th Cir. 2003). We review a district court's rulings on motions to intervene as of right de novo, <u>Alameda Water & Sanitation Dist. v. Browner</u>, 9 F.3d 88, 90 (10th Cir. 1993), but we review the district court's determinations regarding timeliness under an abuse of discretion standard. <u>Coalition of Ariz./N.M. Counties for Stable Econ. Growth v. Dep't of Interior</u>, 100 F.3d 837, 840 (10th Cir. 1996).

I. <u>Limitations</u>

Under Oklahoma state law, the statute of limitations for a state discrimination claim is "two (2) years after a timely filing of a charge with the Oklahoma Human Rights Commission." Okla. Stat. Ann. tit. 25, § 1901(E); <u>Duncan v. City of Nichols Hills</u>, 913 P.2d 1303, 1310 (Okla. 1996). Likewise, a two year statute of limitations applies to Ms. Willis's intentional infliction of emotional distress claim. Okla. Stat. Ann. tit. 12, § 95(3); <u>Williams v. Lee Way</u>

Motor Freight, Inc., 688 P.2d 1294, 1297-98 (Okla. 1984). The parties agree that Ms. Willis's state claims, filed on November 29, 1999, were timely because they were filed within the required two year period. However, Ms. Willis dismissed those claims without prejudice and did not file the present suit until January 2, 2001, after the two year statute of limitations had expired on each of the claims.

Ms. Willis claims that the Oklahoma savings statute applies in this case to save her claims. The Oklahoma savings statute provides that:

> If any action is commenced within due time, and . . . the plaintiff fail in such action otherwise than upon the merits, the plaintiff . . . may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.

Okla. Stat. Ann. tit. 12, § 100. Ms. Willis contends that her claim was dismissed without prejudice as of January 5, 2000, the date of the court's order of dismissal, and therefore she had until January 5, 2001, to refile under the savings statute. We disagree.

Ms. Willis filed a voluntary "Dismissal Without Prejudice"[1] on December 27, 1999, under Fed. R. Civ. P. 41(a). Rule 41(a) provides that a plaintiff may dismiss an action by "filing a notice of dismissal at any time before service by the

---

[1]The Dismissal stated in full:
COMES NOW Eva Willis by and through her attorney, Dan Little, and hereby dismisses the above entitled cause without prejudice.
Aplt. App. at 57.

- 6 -

adverse party of an answer.'" Fed. R. Civ. P. 41(a)(1)(i).  When the plaintiff files a notice under Rule 41(a)(1), it terminates the action automatically and "no order of the court is needed."  Hyde Constr. Co. v. Koehring Co., 388 F.2d 501, 507 (10th Cir. 1968).  Plaintiff's Dismissal Without Prejudice was filed prior to the filing of an answer by Braum, and therefore it is appropriately characterized as a notice of dismissal by plaintiff under Rule 41(a)(1)(i).  Under Oklahoma's savings statute, therefore, Ms. Willis had until December 27, 2000, to refile her claims.  Because she did not refile until January 2, 2001, the district court correctly held that her claims should be dismissed as time-barred under the applicable statute of limitations.

Ms. Willis urges this court to apply the savings statute as of the date of the court's order (January 5, 2000) rather than the date of her dismissal (December 27,1999).  But it is well settled that when a plaintiff files a voluntary dismissal under Rule 41(a)(1)(i), the dismissal is self-executing and the filing itself dismisses the matter.  See Hyde, 388 F.2d at 507; see also Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1078 (9th Cir. 1999) ("[I]t is beyond debate that a dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it."); Marex Titanic, Inc. v. Wrecked and Abandoned Vessel, 2 F.3d 544, 546 (4th Cir.

1993) (concluding the dismissal is "self-executing . . . and no judicial approval is required"); Am. Cyanamid Co. v. McGhee, 317 F.2d 295, 297 (5th Cir. 1963) (The notice "itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court."). Once Ms. Willis filed her voluntary dismissal her case was automatically terminated and the court's order was unnecessary. The action was dismissed as a matter of law as of December 27, 1999, and not on January 5, 2000, the date of the court's order.

Because the claims were dismissed as of December 27, 1999, Ms. Willis was required under the savings clause to refile by December 27, 2000. Because she failed to refile her claims until January 2, 2001, her claims are barred by the statute of limitations. In addition, in light of the plain language of the rule and the clear precedent interpreting Rule 41(a)(1), we decline to equitably toll the statute of limitations based on reliance on the court's erroneous January 5 order. Because Ms. Willis's claims were correctly dismissed as time-barred by the district court, it is unnecessary to determine whether she filed her charge with the OHRC within the statutorily required time period.

II. Intervention

Finally, Ms. Willis challenges the denial of her motion to intervene in the

EEOC's suit. Under Fed. R. Civ. P. 24(a), "[u]pon timely application anyone shall be permitted to intervene in an action . . . when a statute of the United States confers an unconditional right to intervene." The statutory language of Title VII, 42 U.S.C. § 2000e-5(f)(1), which has been incorporated into the ADA, grants the charging employee an unconditional right to intervene in cases brought by the EEOC. EEOC v. Mo. Pac. R.R. Co., 493 F.2d 71, 74 (8th Cir. 1974). However, Rule 24 does include a limitation on this right–the motion must be timely. Nevilles v. EEOC, 511 F.2d 303, 305 (8th Cir. 1975).

The district court denied Ms. Willis's application for intervention in a Minute Order on February 19, 2002, "based on the December 31, 2001 order . . . and Fed. R. Civ. P. 24(a) as intervention at this late date in the proceedings would cause undue delay and prejudice." Aplt. App. at 158. In the court's December 31, 2001 order, in addition to dismissing Ms. Willis's personal claims, the court also limited the EEOC to injunctive relief. Based on the court's order that the EEOC could no longer pursue individual relief on Ms. Willis's behalf and the posture of the case at that time, it was not an abuse of discretion to deny intervention. However, this court has reversed the district court's December 31, 2001 order and held the EEOC is not barred from asserting individual relief on Ms. Willis's behalf. See EEOC v. W.H. Braum, Inc., ____ F.3d ____ (2003) (No. 02-7046). Based on these changed circumstances and the strong precedent in

favor of intervention, see Gen. Tel. Co. of the Northwest, Inc. v. EEOC, 446 U.S. 318, 331 (1980) (the individual aggrieved party is given the right to intervene to protect their personal interests, which may at times be in conflict with those of the EEOC); Utah Ass'n of Counties v. Clinton, 255 F.3d 1246, 1249 (10th Cir. 2001) ("This circuit takes a somewhat liberal line in allowing intervention.") (citations omitted)); Winbush v. State of Iowa By Glenwood State Hosp., 66 F.3d 1471, 1478-79 (8th Cir. 1995) (permitting intervention ten years after complaint was filed and after conclusion of the bench trial); Nat'l Farm Lines v. I.C.C., 564 F.2d 381, 383-84 (10th Cir. 1977), we reverse and remand on the issue of intervention. Upon remand, the district court should determine whether the motion to intervene should be denied solely under Fed. R. Civ. P. 24(a) on the basis that the intervention would have caused undue delay and prejudice.

We AFFIRM the dismissal of plaintiff's state law claims, REVERSE the denial of intervention, and REMAND for further proceedings consistent with this opinion.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge