**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 24, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

HITOSHI OMBE,

    Plaintiff - Appellant,

v.

GEORGE COOK; JESSICA MARTINEZ;
JEFFREY ANDERSON; VICTORIA
CURLEY; LAWRENCE VILLANUEVA;
DOMINIC VILLANEUVA; CLINE
CORNERS; CLINES CORNER TRAVEL
CENTER; CLINES CORNERS
OPERATING COMPANY; CLINES
CORNERS RETAIL CENTER, LLC;
CLINES CORNERS REAL ESTATE,
LLC; CLINES CORNERS PROPERTY,
LLC; T-BIRD, INC; EL MERCADO DEL
SOL, INC,

    Defendants - Appellees.

No. 20-2166
(D.C. No. 2:20-CV-00786-RB-GBW)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BRISCOE** and **BACHARACH**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff Hitoshi Ombe appeals the district court's sua sponte dismissal, under 28 U.S.C. § 1915(e)(2), of his claims for employment discrimination. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

Mr. Ombe worked as a cashier at Clines Corners Travel Center. A former university professor and mathematician, he was diagnosed with autism later in life and reports he has also suffered from depression and anxiety.

Mr. Ombe sued his former employers alleging violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112(a); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1); and the Civil Rights Act of 1866, 42 U.S.C. § 1981(a). He also pled state tort claims. Mr. Ombe had previously raised similar claims in three lawsuits he filed in 2016, and he described the instant case as a continuation of the first.[1] *See* R. at 38 ("The plaintiff filed this case with the US District Court for the District of New Mexico on 10/07/16"). The district court consolidated and dismissed Mr. Ombe's earlier claims, and we affirmed. *See Ombe v. New Mexico*, 755 F. App'x 754, 756–57, 760 (10th Cir. 2018) ("*Ombe I*").

---

[1] While the claims in *Ombe I* also related to Mr. Ombe's employment, the defendants there included the State of New Mexico and Disability Rights of New Mexico, Inc., a nonprofit agency, as well as employees and individuals connected with those entities. Mr. Ombe alleged those defendants did not provide adequate assistance to him in his efforts to secure employment better suited to his interests and abilities and failed to accommodate his disabilities when they worked with him. *See* 755 F. App'x at 756–57. Here, he sought relief from the convenience store where he worked as a cashier, alleging discriminatory treatment and discharge.

In this action, Mr. Ombe's complaint specified "[t]his claim has to do with the plaintiff['s] employment with the defendants. It lasted from April 2011 to October 2016." R. at 38. The complaint stated the Equal Employment Opportunity Commission (EEOC) issued a "right to sue" letter on July 11, 2016. *See id.* After issuing a show-cause order and reviewing Mr. Ombe's response thereto, the district court dismissed the federal claims due to the expiration of the statute of limitations and declined to exercise supplemental jurisdiction over the remaining state-law claims. Mr. Ombe now appeals.

## DISCUSSION

Because Mr. Ombe proceeds pro se, we construe his arguments liberally, but we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Mr. Ombe argues throughout his briefs that, due to his disability, he is entitled to an even more favorable construction than we normally afford to pro se litigants. *See* Opening Br. at 17 ("The trouble is that [*Garrett*] is a pre-standards case determined in 2005 (the standards are in effect since 01/01/09) and the disability factor is totally absent in it. It is a[] totally incorrect precedent."); *id.* at 24 ("[L]iberal interpretation of pleadings is insufficient to protect my rights."); Aplt. App. B1 at 4 ("Not only [is *Garrett*] outdated, but also the disability factor is completely missing from the cited case."). We previously rejected similar arguments in *Ombe I*, and we do so again here. *See* 755 F. App'x at 758 ("Mr. Ombe is mistaken in believing that the district court was required to disregard

3

the legal rules that govern civil lawsuits in response to his cognitive and mental health issues or his pro se status.").[2]

We review de novo the district court's dismissal under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted. *See Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). We likewise review de novo "[w]hether a court properly applied a statute of limitations," *Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005), but "[w]e review the district court's refusal to apply equitable tolling for an abuse of discretion." *Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir. 2004) (internal quotation marks omitted).[3]

---

[2] As in *Ombe I*, *see* 755 F. App'x at 758 & n.3, Mr. Ombe's briefs and submissions are laced with unnecessary and unfounded invective directed at the district court. *See, e.g.,* Opening Br. at 9 ("[The district court judge] failed to observe[] disability principle and judicial principle. He mindlessly or negligently observed bureaucratic principle."); *id.* at 30 ("Judges and lawyers are too complacent and smug. This is their attitudinal problem."); *id.* at 45 ("[The district court judge] has miserably and totally failed on this essential requirement. And he has been penalizing me all the time for the consequence of his total failure. He has been deliberately refusing to have even one hearing when he does not know the nature of autism disability at all. This is because he has false pride based on his position."); Aplt. App. B1 at 2 ("Here, [the district court judge] processed the matter as the mindless or thoughtless bureaucratic routine."); *id.* at 9 ("Clearly, I am a victim of these ignorant bureaucrats with titles of judicial officials."); *id.* at 11 ("Thoughtless, mindless, and ignorant bureaucrats – defendants and judges – and lawyers forced me to swallow the above totally insulting and senseless nonsense.").

[3] Mr. Ombe does not challenge the district court's decision not to exercise supplemental jurisdiction over his state-law claims, so we do not consider that issue further. *See Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020) ("Issues not raised in the opening brief are deemed abandoned or waived." (internal quotation marks omitted)).

4

The statute of limitations for Mr. Ombe's Title VII and ADA claims ran ninety days after the EEOC's issuance of its "right to sue" letter. *See* 42 U.S.C. § 2000e–5(f)(1); *E.E.O.C. v. W.H. Braum, Inc.*, 347 F.3d 1192, 1198 (10th Cir. 2003) ("[O]nce the EEOC determines not to pursue the charge, the employee has ninety days from receipt of the right to sue letter in which to file suit."); *id.* at 1197 ("Title I [of the ADA] expressly adopts the statutory scheme of Title VII."). The EEOC issued its right to sue letter in July 2016; therefore, the statute of limitations expired in October 2016. The statute of limitations for Mr. Ombe's § 1981 claim is three years, *see Garcia v. Univ. of Kan.,* 702 F.2d 849, 850 (10th Cir. 1983) ("[S]ince there is no applicable federal statute of limitations relating to civil rights actions brought under section[] 1981 . . ., federal courts must apply the most appropriate one provided by state law.") (internal quotation marks omitted), *overruled in part on other grounds by Garcia v. Wilson*, 731 F.2d 640, 643 (10th Cir. 1984); N.M. Stat. Ann. § 37-1-8 ("Actions must be brought . . . for an injury to the person . . . within three years."). It therefore ran no later than October 2019, three years after the end of his employment. Mr. Ombe did not file his claims until August 2020, so all three of his federal claims were time-barred.

In his first issue on appeal, Mr. Ombe does not dispute the statutes of limitations had expired, but he argues the district court should have equitably tolled them. "Generally, equitable tolling requires a litigant to establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (internal quotation marks omitted.).

The district court declined to equitably toll the statutes of limitations in part because, notwithstanding the severity of Mr. Ombe's mental impairment, it "was not so extraordinary as to prevent him from actively prosecuting his other civil rights cases from August 2014 through February 2018, appealing the final judgment, and filing a petition for writ of certiorari in May 2019." R. at 202. We discern no abuse of discretion in this conclusion. It was reasonable for the district court to conclude that having conducted multiple federal lawsuits against other defendants from inception to appeal within the statute of limitations, Mr. Ombe could not credibly assert that he faced an extraordinary circumstance that prevented him from timely filing a claim against these defendants.

In his second issue on appeal ("How the court must respond to the poor, i.e., pro se litigants in order to avoid to generate undue issues like the First Issue," Opening Br. at 34), Mr. Ombe offers suggestions for practices the court could adopt to better accommodate similarly situated litigants, including updates to the District of New Mexico's Guide for Pro Se Litigants. To the extent Mr. Ombe is asserting the district court should have applied a different set of rules to him than to other litigants, we reject this contention for the same reasons we set forth in *Ombe I*. *See* 755 F. App'x at 759 ("[W]hile Mr. Ombe insists that the district court was required to modify or ignore otherwise applicable procedural and substantive rules as an accommodation to his cognitive and mental health issues, he cites no legal

6

authority that supports this proposition and we are aware of none.").[4]  And, the arguments Mr. Ombe presents in connection with his second issue on appeal fail to demonstrate the district court's dismissal of his untimely claims was erroneous, so we do not consider them further.

## CONCLUSION

We affirm the judgment of the district court.  We grant Mr. Ombe's "Motion to Request the Court['s] Understanding of the Issues Related to the Court['s] General Rule About Review vs. New Trial," "Motion to Request to Understand the Ultim[a]te Issue," and "Motion for Leave [to] 'Supplement' which is Significantly Deviated from Rule 28(j)" to the extent Mr. Ombe asks us to consider additionally submitted arguments, and we have considered those arguments to the extent they are relevant. We deny those motions to the extent Mr. Ombe asks us to apply a different standard of law to him than we would to other litigants.  We grant Mr. Ombe's motion to withdraw his "Motion to Request to Continue to Abate the Case for the Entire Period of Case Build-Up."  We deny Mr. Ombe's motion to proceed in forma pauperis because he did not present "a reasoned, nonfrivolous argument on the law and facts

---

[4] In connection with his argument that the district court did not sufficiently accommodate his autism, Mr. Ombe references a portion of the ADA that sets forth the Congressional purposes in enacting it.  *See* 42 U.S.C. § 12101(b)(3).  But this provision in no way indicates the district court ought to have altered or deviated from the rules applicable to everyone for the benefit of Mr. Ombe, or that it erred in concluding his claims were time-barred.

in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court

Timothy M. Tymkovich
Chief Judge