**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 3, 2006[*]
Decided May 4, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Nos. 05-2049 & 05-3458

| | |
|---|---|
| DANIEL ONISCHUK, <br>     *Plaintiff-Appellant,* | Appeals from the United States District Court for the Eastern District of Wisconsin. |
|     *v.* | No. 04-C-0786 |
| JOHNSON CONTROLS INC., et al., <br>     *Defendants-Appellees.* | Charles N. Clevert, Jr., <br> *Judge.* |

**O R D E R**

Dan Onischuk brought suit under Title VII of the Civil Rights Act of 1964 claiming that Johnson Controls and several of its employees discriminated against him because he is Canadian. The district court denied his application to proceed *in forma pauperis* because he did not provide financial information about his wife. The court also commented that it might not have subject-matter jurisdiction to consider the merits of the case because Onischuk had waived his Title VII claim under the terms of a settlement agreement and, the court reasoned, attempts to

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeals are submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

void a settlement are governed by state law. The court gave Onischuk 20 days to amend his application to supply information about his wife's finances, and when Onischuk did not respond the court dismissed the complaint. Onischuk appealed the dismissal and afterward filed six different postjudgment motions seeking to explain and excuse his failure to respond to the court's order. The court analyzed all six motions under Federal Rule of Civil Procedure 60(b) and denied them in a single order, reasoning that in his motions Onischuk conceded both that he received the court's order in time to respond and that his wife's previously undisclosed income disqualifies him for pauper status. Onischuk appealed this ruling as well, and we have consolidated the two cases.

Although issues concerning the formation, construction, and enforcement of a settlement agreement are governed by state law, *Sims-Madison v. Inland Paperboard and Packaging, Inc.*, 379 F.3d 445, 448 (7th Cir. 2004), the district court was wrong to surmise that the validity of the prior settlement might affect its jurisdiction; a release is an affirmative defense to a lawsuit, Fed. R. Civ. P. 8(c); *Deckard v. Gen. Motors* Corp., 307 F.3d 556, 560 (7th Cir. 2002), not a jurisdictional infirmity. The court, though, did not purport to decide the jurisdictional question, and so the only issues before us are the denial of pauper status and the refusal to set aside that ruling. Onischuk's challenges to these decisions are frivolous because, as the district court noted, Onischuk conceded that he "would not qualify for pauperis status" because his wife earns "over $2500 US per month, and she has other assets."

The judgments are AFFIRMED.