NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 6 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LIAOSHENG ZHANG,

            Petitioner,

  v.

OFFICE OF THE CHIEF
ADMINISTRATIVE HEARING
OFFICER and HONEYWELL
INTERNATIONAL, INC.,

            Respondents.

No. 09-73823

OCAHO No. 07B00054

MEMORANDUM[*]

On Petition for Review of an Order of the
Department of Justice, Executive Office for Immigration Review,
Office of the Chief Administrative Hearing Officer

Submitted June 15, 2011[**]

Before:    CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Liaosheng Zhang petitions pro se for review of the Office of the Chief

Administrative Hearing Officer's ("OCAHO") orders dismissing her complaint

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

alleging national origin and citizenship status discrimination and retaliation in violation of the Immigration Reform and Control Act ("IRCA"), 8 U.S.C. § 1324b. We have jurisdiction under 8 U.S.C. § 1324b(i)(1). We review de novo the Administrative Law Judge's ("ALJ") conclusions of law, and for substantial evidence the ALJ's findings of fact. *Mester Mfg. Co. v. INS*, 879 F.2d 561, 565 (9th Cir. 1989). We deny the petition for review.

The ALJ properly dismissed Zhang's national origin discrimination claim for lack of jurisdiction because Zhang's claim was excluded from the IRCA. Specifically, Zhang's claim was covered by Title VII because Honeywell had more than fourteen employees. *See* 8 U.S.C. § 1324b(a)(2)(B) (excluding from the IRCA national origin discrimination claims covered by Title VII); 42 U.S.C. § 2000e(b) (Title VII covers an employer with more than fourteen employees).

The ALJ properly granted a summary decision on Zhang's citizenship status discrimination and retaliation claims because Zhang failed to raise a genuine dispute of material fact as to whether Honeywell's legitimate, nondiscriminatory reasons for not hiring her were pretextual, and whether there was a causal connection with her protected activity. *See Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 640-42, 646 (9th Cir. 2004) (setting forth *McDonnell Douglas* burden shifting analysis); *see also Ipina v. Mich. Jobs Comm'n*, 8 OCAHO No. 1036

(Nov. 19, 1999) (applying *McDonnell Douglas* test to claims under the IRCA).

Zhang's remaining contentions are unpersuasive.

**PETITION FOR REVIEW DENIED.**

09-73823