**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 30, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RURAL WATER DISTRICT NO. 2,
CREEK COUNTY, OKLAHOMA, an
agency and legally constituted
authority of the State of Oklahoma,

     Plaintiff-Appellant,

v.

CITY OF GLENPOOL, an Oklahoma
Municipality,  THE GLENPOOL
UTILITY SERVICES AUTHORITY, a
public trust,

     Defendants-Appellees.

No. 11-5154

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**
**(D.C. No. 4:11-CV-00441-JHP-PJC)**

---

Steven M. Harris (Michael D. Davis with him on the brief), Doyle Harris Davis &
Haughey, Tulsa, Oklahoma, for Appellant.

Lowell Peterson (James C. Milton, Hall, Estill, Hardwick, Gable, Golden &
Nelson, P.C., Tulsa, Oklahoma, with him on the brief), City Attorney, City of
Glenpool, Glenpool, Oklahoma, for Appellees.

---

Before **TYMKOVICH**, **BALDOCK**, and **GORSUCH**, Circuit Judges.

---

**BALDOCK**, Circuit Judge.

---

Congress enacted 7 U.S.C. § 1926(b) as part of a federal statutory scheme to extend loans and grants to certain associations providing water service to farmers, ranchers, and other rural residents. Section 1926(b) prohibits other water utilities from encroaching upon services provided by federally indebted water associations. Plaintiff, Rural Water District No. 2 Creek County, Oklahoma, a rural water provider covered by § 1926(b), and Defendant Glenpool Utility Services Authority, a public trust created to provide water service, and its beneficiary, Defendant City of Glenpool, entered into a Settlement Agreement under which Plaintiff agreed not to file a civil action pursuant to § 1926(b) during the term of the agreement unless Defendants defaulted on their contractual obligations. Subsequently, Plaintiff filed the present civil action pursuant to 42 U.S.C. § 1983 alleging Defendants violated § 1926(b). The district court dismissed the action for lack of subject matter jurisdiction. Our jurisdiction arises under 28 U.S.C. § 1291, and our review is de novo. June v. Union Carbide Corp., 577 F.3d 1234, 1238 (10th Cir. 2009). On appeal, we must determine whether Plaintiff's agreement not to file a civil action against Defendants, absent default, deprives us of subject matter jurisdiction under 28 U.S.C. § 1331, where a state court has not yet determined whether Defendants defaulted.[1] We hold such agreement does not deprive us of subject matter

---

[1] A motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may take one of two forms. A facial attack "looks only to the factual allegations of the complaint in challenging the court's jurisdiction."
(continued...)

2

jurisdiction.  Accordingly, we reverse and remand.

I.

Our story begins nearly a half century ago in Creek County, Oklahoma.  In 1964, the county commissioners incorporated Plaintiff to provide water service.  The Farmers Home Administration (FmHA) thereafter loaned Plaintiff the funds to construct a rural water system.  Three years later, Plaintiff annexed additional territory in two counties, including an area later known as Eden South.  In 1983, Defendant City of Glenpool annexed new areas into its city limits, including the area of Eden South.  Defendants filed the first lawsuit in this saga a year later, requesting a declaratory judgment that Defendants enjoyed the exclusive right to furnish water to Eden South.  Plaintiff counterclaimed, also seeking a declaratory judgment that it possessed the exclusive right to furnish water to Eden South.  The district court held that neither party had an exclusive right to furnish water to Eden South.  Both

---

[1](...continued)
Muscogee (Creek) Nation v. Okla. Tax Comm'n., 611 F.3d 1222, 1227 n.1 (10th Cir. 2010).  A factual attack, on the other hand, "goes beyond the factual allegations of the complaint and presents evidence in the form of affidavits or otherwise to challenge the court's jurisdiction."  Id.  Plaintiff contends Defendants presented a facial attack.  But Defendants did not attack the sufficiency of the amended complaint.  Rather, Defendants claimed the terms of the Settlement Agreement deprived the district court of jurisdiction.  In a case such as this, where the court is presented with a factual attack on the complaint, "a district court may not presume the truthfulness of the complaint's factual allegations."  Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995).  Instead, "[a] court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."  Id.

3

parties appealed. We reversed in part and remanded. <u>Glenpool Util. Servs. Auth. v. Creek Cnty. Rural Water Dist. No. 2</u>, 861 F.2d 1211 (10th Cir. 1988). We held 7 U.S.C. § 1926(b) precluded Defendants from curtailing Plaintiff's service in Eden South. <u>Id.</u> at 1217. Consistent with our mandate, the district court on remand entered judgment for Plaintiff and enjoined Defendants from curtailing Plaintiff's service area.

That judgment, however, did not end the parties' differences. On remand, Plaintiff requested the district court impose a constructive trust on the water lines Defendants constructed to the subject property and award damages in the amount of the water tap fees Defendants collected. The district court denied this relief and declared that Defendants remained the owners of all water lines and easements relating to the subject property. Plaintiff again appealed. This time we affirmed the district court, holding Defendants' acts were not sufficiently wrongful to require them to transfer ownership of the water lines to Plaintiff. <u>Glenpool Util. Serv. Auth. v. Creek Cnty. Rural Water Dist. No. 2</u>, 1992 WL 37327, *4 (10th Cir. 1992) (unpublished). We did, however, note that our decision left the parties in an unusual position. Plaintiff had the exclusive right to provide water service to Eden South, but it did not own the water lines in place. We stated, "Surely there is incentive for these two nonprofit public bodies to work out a solution that would not require the District to build duplicate lines." <u>Id.</u>

The parties did arrive at such a solution. On March 2, 1992, Plaintiff and

4

Defendants entered into a Settlement Agreement. Defendants agreed to make certain payments to Plaintiff during a 20-year term. In return, Plaintiff granted Defendants permission to provide water service within the "area of agreement." Plaintiff further agreed it would not claim any § 1926(b) exclusive right to provide water service in the "area of agreement" during the period of the Settlement Agreement except in the case of Defendants' default. If Defendants failed or refused to pay or perform, and the failure or refusal was not cured within 30 days, Defendants then owed Plaintiff a remedy, which might include specific performance, injunctive relief, monetary damages, termination of the agreement, receipt of water lines, and/or reinstatement of full rights of exclusivity. Plaintiff exercised its right to request an audit of Defendants' records. Plaintiff then sent Defendants a notice of default, contending Defendants failed to provide a proper accounting and failed to make appropriate payments in conformity with the Settlement Agreement.

Plaintiff next filed this lawsuit asserting its right to be the exclusive water service provider, as granted it by virtue of § 1926(b). In its amended complaint, Plaintiff alleges Defendants are selling water within its geographical boundaries, a portion of which coincides with the "area of agreement." Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. In their motion, Defendants argued the district court lacked subject matter jurisdiction for two reasons. First, Defendants contended the Settlement Agreement was "insufficient by itself to convey federal jurisdiction."

5

Alternatively, Defendants asserted Plaintiff's § 1926(b) claim was not yet ripe. The district court granted the motion to dismiss without an opinion.

II.

Defendants admitted at oral argument that Plaintiff alleged a violation of its rights under § 1926(b). Regardless, Defendants believe the district court correctly dismissed the action based on a provision of the Settlement Agreement. The agreement provides that, in the absence of default over the term of the agreement, Plaintiff agrees that it will not make a claim of exclusivity as to the "area of agreement." Defendants contend the state law question of whether a default or breach of contract occurred must be decided before Plaintiff's federal claim may proceed. Plaintiff, on the other hand, contends the district court erred because Defendants in truth simply raised the terms of the Settlement Agreement as an affirmative defense, rather than as a bar to federal court jurisdiction.

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." Morris v. City of Hobart, 39 F.3d 1105, 1111 (10th Cir. 1994). In this case, that statutory basis is § 1926(b). Defendants correctly argue that enforcement of the Settlement Agreement is a matter for a state court, unless some independent basis for federal jurisdiction exists. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 382 (1994). But Plaintiff's amended complaint alleges a violation of a statutory right—much more than a mere state law breach of contract claim. Plaintiff and Defendants agreed at oral argument that Plaintiff's amended complaint

6

alleges the elements of a § 1926(b) claim. Specifically, Plaintiff alleged in its amended complaint that (1) it is indebted to the United States Department of Agriculture and (2) it has provided or made service available. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1, Logan Cnty., Okla. v. City of Guthrie, 654 F.3d 1058, 1062 (10th Cir. 2011). Plaintiff also alleges Defendants have limited or curtailed that service. Despite Plaintiff alleging the elements of a statutory cause of action, Defendants contend that the Settlement Agreement bars this lawsuit until a state court has litigated the issue of breach of the Settlement Agreement.

Defendants' assertion does not relate to our subject matter jurisdiction, but instead relates to an affirmative *defense* to Plaintiff's § 1926(b) claim. Indeed, Federal Rule of Civil Procedure 8(c) lists a "release" as an affirmative defense to a lawsuit. And "[a] *defense*, however valid, does not oust the district court of subject matter jurisdiction." S. New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 132 (2d Cir. 2010). The explanation is simple enough: "once the court's jurisdiction has been properly invoked in the plaintiff's complaint, the assertion of such a defense is relevant only to whether the plaintiff can make out a successful claim for relief, and not to whether the court has original jurisdiction over the claim itself." Id., see also Onischuk v. Johnson Controls, Inc., 182 F. App'x. 532, 533 (7th Cir. 2006) (unpublished) (concluding that although legal issues involving formation, construction, and enforcement of settlement agreements are matters of state law, the validity of a prior settlement does not affect a federal court's jurisdiction). Because

7

Plaintiff has alleged Defendants violated its rights pursuant to § 1926(b), the district court had subject matter jurisdiction over the lawsuit. We emphasize our decision does not reach the merits of the parties' dispute. Defendants may raise the relevant provision of the Settlement Agreement as an affirmative defense to Plaintiff's federal claim.

III.

For much the same reasons, Defendants' claim of ripeness also fails. Defendants contend Plaintiff's federal claim is not ripe because Plaintiff cannot assert that federal claim until a state court adjudicates the breach of settlement agreement claim. Defendants posit the adjudication of the § 1926(b) claim, without first allowing a state court determination of the existence of a breach of the Settlement Agreement, amounts to a "premature adjudication" and "abstract disagreement" that we should avoid.

"The ripeness doctrine aims to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." Tarrant Reg'l Water Dist. v. Herrmann, 656 F.3d 1222, 1249 (10th Cir. 2011) (internal quotation marks omitted). "[I]n determining whether a claim is ripe, a court must look at (1) the *fitness* of the issue for judicial resolution and (2) the *hardship* to the parties of withholding judicial consideration. Id. "A case meets the first prong if it does not involve uncertain or contingent events that may not occur at all (or may not occur as anticipated)." Chavez ex rel M.C. v. N.M. Pub. Educ. Dep't,

8

621 F.3d 1275, 1281 (10th Cir. 2010). "The second prong addresses whether the challenged action is a direct and immediate dilemma for the parties." Id. (internal quotation marks omitted).

In their motion to dismiss, Defendants relied primarily on two cases to support their view. First, they cited our decision in Salt Lake Tribune Publishing Co., LLC v. Management Planning, Inc., 454 F.3d 1128 (10th Cir. 2006), for the proposition that the ripeness doctrine applies in contract claims where a particular claim is contingent upon facts that have not been developed, or events that have not yet occurred. In that case, we determined that a plaintiff's claim for damages from an allegedly inflated purchase price was not yet ripe because the claim depended upon two contingent events. Importantly, the plaintiff had not yet paid the allegedly inflated price. Likewise, in this case, Defendants believe the § 1926(b) claim is not ripe because a contingent event exists—a state court must determine whether Defendants violated the Settlement Agreement. This argument, reminiscent of their first argument, must fail. Plaintiff's § 1926(b) claim is ripe. As mentioned above, Plaintiff alleged (1) a continuing indebtedness on loans obtained from the USDA and (2) Plaintiff has provided or made service available. Moreover, Plaintiff alleges Defendants have limited or curtailed that service. Each of these allegations has allegedly occurred. A prior state judicial determination of default of the Settlement Agreement is not an element of a § 1926(b) claim. Whether Plaintiff may properly bring the lawsuit because of a prior release is not a jurisdictional bar, but an

9

affirmative defense for the reasons set forth above.

The second case Defendants relied on heavily in the district court was Public Water Supply District No. 10 of Cass County, Missouri v. City of Peculiar, Missouri, 345 F.3d 570 (8th Cir. 2003). In that case, the Eighth Circuit held a § 1926(b) claim was not ripe because the case would benefit from further factual development. The Eighth Circuit concluded the water district did not satisfy the hardship prong because it alleged a speculative injury. The only possible injury to the water district was dissolution, and no petition for dissolution had been filed, nor could the court conclude a petition would ever be filed. In the present case, however, Plaintiff has alleged an injury that is not speculative—that Defendants *are curtailing* the service.

Nonetheless, Defendants believe Plaintiff's federal claims "face an obstacle that remove[s] the dispute from the federal court's Article III jurisdiction." According to Defendants, Plaintiff must prove a breach of the Settlement Agreement in order to reinstate and enforce its rights of exclusivity. Thus, Defendants argue, a state court adjudication that no breach of contract exists would eliminate Plaintiff's § 1926(b) claim. Defendants misinterpret the ripeness doctrine. Defendants and Plaintiff agree Plaintiff alleged a cause of action pursuant to § 1926. Taking the facts Plaintiff alleged in the amended complaint as true, we agree Plaintiff has alleged a cause of action pursuant to § 1926(b). No alleged facts are contingent upon any future events. Plaintiff is indebted to the USDA and it has provided or made service available. Whether the specific provisions of a settlement agreement

10

preclude Plaintiff's claim *on the merits* does not relate to ripeness. Plaintiff met its burden to show its claim is ripe. If Defendants believe that Plaintiff's claim is precluded because of the language of the Settlement Agreement, such an assertion relates to the *merits* of the action, not to the ripeness of the § 1926 claim. Accordingly, the judgment of the district court is—

**REVERSED** and **REMANDED**.