**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 18, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

      Plaintiff-Appellee,

v.

PJ UTAH, LLC; PJ CHEESE, INC.;
PJ UNITED, INC.,

      Defendants-Appellees.

-------------------------------

SCOTT BONN,

      Intervenor-Appellant.

No. 15-4079

_____

**Appeal from the United States District Court**
**for the District of Utah**
**(D.C. No. 2:14-CV-00695-DB)**
_____

Aaron M. Kinikini (Laura K. Boswell, with him on the briefs) Disability
Law Center, Salt Lake City, Utah, for Intervenor-Appellant.

Laura J. Maechtlen (Gerald Maatman, Jr., Seyfarth Shaw, LLP, Chicago,
Illinois, and Courtney K. Bohl, Seyfarth Shaw, LLP, San Francisco,
California, with her on the brief) Seyfarth Shaw, LLP, San Francisco,
California, for Defendants-Appellees.
_____

Before **BRISCOE**, **EBEL**, and **BACHARACH**, Circuit Judges.
_____

**BACHARACH**, Circuit Judge.

_____

The Equal Employment Opportunity Commission brought a civil enforcement action against three Papa John's entities[1] for violating the Americans with Disabilities Act by denying a reasonable workplace accommodation to the appellant, Mr. Scott Bonn, and firing him for requesting this accommodation. Mr. Bonn moved to intervene in the EEOC's action, invoking his statutory right to do so. The district court determined that Mr. Bonn's claim was subject to arbitration under an agreement that Mr. Bonn's mother had executed. Based on this determination, the district court denied the motion to intervene and ordered Mr. Bonn to arbitrate his claim.

Mr. Bonn appeals the denial of his motion to intervene and the order compelling arbitration. We conclude that the arbitration agreement did not curtail Mr. Bonn's unconditional statutory right to intervene. Accordingly, we reverse the denial of Mr. Bonn's motion to intervene. We further conclude that we lack appellate jurisdiction over the order compelling arbitration. Although the district court ordered Mr. Bonn to arbitrate his claim, that order did not affect the EEOC's claim against Papa John's, which remains pending. Because that claim remains, the order compelling arbitration did not constitute a "final decision," which is necessary for

_____

[1]     We refer to these entities collectively as "Papa John's."

2

appellate jurisdiction over an order compelling arbitration. Therefore, we dismiss this part of Mr. Bonn's appeal.

## I. The district court denied Mr. Bonn's motion to intervene and ordered arbitration of Mr. Bonn's claim.

Mr. Bonn was born with Down syndrome, which prevents him from living on his own. Because of Mr. Bonn's condition, his mother was appointed as a limited guardian to manage Mr. Bonn's personal affairs.

In September 2011, Mr. Bonn went to work at Papa John's as a box folder. Papa John's requires its new employees to review and execute an arbitration agreement before starting work, and Mr. Bonn's mother executed the arbitration agreement on Mr. Bonn's behalf.

To meet his duties as a box folder, Mr. Bonn needed the help of a job coach. After a few months, however, Papa John's decided that it would no longer allow Mr. Bonn to work with a job coach. Believing that Mr. Bonn could not do his job without a job coach, Papa John's fired Mr. Bonn.

Mr. Bonn filed a charge with the EEOC, alleging that Papa John's had violated the Americans with Disabilities Act. The EEOC investigated Mr. Bonn's charge and brought this civil enforcement action against Papa John's under the Americans with Disabilities Act. That statute "direct[s] the EEOC to exercise the same enforcement powers, remedies, and procedures that are set forth in Title VII of the Civil Rights Act of 1964 when it is enforcing the ADA's prohibitions . . . ." *EEOC v. Waffle House,*

3

*Inc.*, 534 U.S. 279, 285 (2002); *see* 42 U.S.C. §§ 12117(a) (Americans with Disabilities Act provision adopting Title VII enforcement provisions), 2000e-5 (Title VII enforcement provisions). Thus, in addressing the EEOC's action against Papa John's, we apply Title VII. *See EEOC v. W.H. Braum, Inc.*, 347 F.3d 1192, 1195-96 (10th Cir. 2003) (observing that, in Americans with Disabilities Act enforcement action, enforcement provisions of Title VII "provide the framework for our analysis").

Title VII allows an aggrieved employee to intervene when the EEOC sues the employer. 42 U.S.C. § 2000e-5(f)(1). Invoking this provision of Title VII, Mr. Bonn moved to intervene in the EEOC's action against Papa John's. Papa John's objected, arguing that the arbitration agreement required Mr. Bonn to arbitrate his claim. On this basis, Papa John's urged the district court to deny the motion to intervene and compel Mr. Bonn to arbitrate his claim.

The district court agreed with Papa John's, disallowing intervention and ordering Mr. Bonn to arbitrate. Mr. Bonn challenges these rulings.

## II. The district court erred by denying Mr. Bonn's motion to intervene.

As the aggrieved employee, Mr. Bonn had an unconditional statutory right to intervene in the EEOC's enforcement action. Nonetheless, the district court denied the motion to intervene based on the court's

4

determination that Mr. Bonn had to arbitrate his claim against Papa John's. That ruling was erroneous.

> **A.** **We have appellate jurisdiction to immediately review the denial of Mr. Bonn's motion to intervene as of right, and our review is de novo.**

We have appellate jurisdiction over the denial of Mr. Bonn's motion to intervene. *See Coal. of Ariz./N.M. Ctys. for Stable Econ. Growth v. Dep't of the Interior*, 100 F.3d 837, 839 (10th Cir. 1996) ("An order denying intervention is final and subject to immediate review if it prevents the applicant from becoming a party to an action."); *Arney v. Finney*, 967 F.2d 418, 421 (10th Cir. 1993) ("[A]n absolute denial of intervention is a collateral order and, therefore, is appealable immediately.").

Exercising this jurisdiction, we review de novo the denial of Mr. Bonn's motion to intervene as a matter of right. *See Tri-State Generation and Transmission Ass'n. v. N.M. Pub. Regulation Comm'n*, 787 F.3d 1068, 1071 (10th Cir. 2015) (stating that "[w]e review de novo the denial of a motion to intervene as of right" under Federal Rule of Civil Procedure 24(a)(2)).[2]

---

[2] Although this Court has repeatedly applied de novo review to denials of motions to intervene as of right under Federal Rule of Civil Procedure 24(a)(2), we have not yet extended de novo review to motions to intervene based on an unconditional statutory right under Rule 24(a)(1). We do so here. Neither party disputes that de novo review should apply to denials of Rule 24(a)(1) motions, and this holding comports with our case law under Rule 24(a)(2) and the case law elsewhere. *See, e.g.*, *United States v. Metro.*

**B. Mr. Bonn had an unconditional statutory right to intervene in the EEOC's action regardless of whether Mr. Bonn's claim against Papa John's was subject to arbitration.**

The district court acknowledged that Mr. Bonn had "a right to intervene in the EEOC's lawsuit," but then denied Mr. Bonn's motion to intervene without explanation. Appellant's App'x at 71-72. The court apparently assumed that Mr. Bonn could not intervene because his claim against Papa John's was subject to the arbitration agreement.[3] We respectfully disagree with the district court, for the court's reasoning lacks support in the text of the two provisions governing Mr. Bonn's intervention as a matter of right: Federal Rule of Civil Procedure 24(a)(1) and Title VII.

Rule 24(a)(1) states that a district court "must permit anyone to intervene who . . . is given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a)(1). Thus, in reviewing the denial of the motion to intervene, we determine whether Mr. Bonn had an unconditional statutory right to intervene. If Mr. Bonn had this right, the district court

---

*St. Louis Sewer Dist.*, 569 F.3d 829, 833 (8th Cir. 2009) (applying de novo review to denial of motion to intervene under Rule 24(a)(1)); *Ruiz v. Estelle*, 161 F.3d 814, 827 (5th Cir. 1998) (same).

[3] The district court expressed this assumption more clearly during the hearing on Mr. Bonn's motion to intervene. During that hearing, the district court asked Mr. Bonn's counsel whether she conceded "that if [the court] were to find that Scott Bonn is required to arbitrate any dispute he has with Papa John's, that he would not be entitled to intervene." Appellee's App'x at 152.

6

was obligated to allow intervention under Rule 24(a)(1). *See* Fed. R. Civ. P. 24(a)(1); *see also Bhd. of R.R. Trainmen*, 331 U.S. 519, 531 (1947) (holding that if a party has an unconditional statutory right to intervene, that party's "right to intervene [under Rule 24(a)(1)] is absolute and unconditional").

We conclude that this right existed under Title VII. The enforcement provision of Title VII states that "the person . . . aggrieved shall have the right to intervene in a civil action brought by the [EEOC]." 42 U.S.C. § 2000e-5(f)(1). This language unambiguously gives employees an unconditional right to intervene in EEOC enforcement actions. *EEOC v. Woodmen of the World Life Ins. Soc'y*, 479 F.3d 561, 568-69 (8th Cir. 2007); *Willis v. W.H. Braum, Inc.*, 80 Fed. App'x 63, 66-67 (10th Cir. 2003) (unpublished); 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1906 (3d Ed. 2015). Thus, as the aggrieved employee in the EEOC's civil enforcement action, Mr. Bonn enjoyed an unconditional statutory right to intervene.

Because Title VII gave Mr. Bonn an unconditional statutory right to intervene, the text of Rule 24(a)(1) required the district court to grant Mr. Bonn's motion. Once it is established that a party enjoys an unconditional statutory right to intervene, the language of Rule 24(a)(1) does not allow the district court any discretion to deny intervention even if the party

7

would ultimately need to go to arbitration.[4] *See* Fed. R. Civ. P. 24(a)(1); *Bhd. of R.R. Trainmen*, 331 U.S. at 531.[5]

Mr. Bonn had an unconditional statutory right to intervene in the EEOC's action; thus, the district court lacked authority under Rule 24(a)(1) to deny the motion to intervene based on the arbitrability of Mr. Bonn's claim. In these circumstances, we reverse the denial of Mr. Bonn's motion to intervene.

## III. We lack appellate jurisdiction over the district court's order compelling Mr. Bonn to arbitrate his claim.

Mr. Bonn also challenges the order compelling him to arbitrate his claim against Papa John's. According to Mr. Bonn, his mother lacked authority to execute the arbitration agreement. We cannot consider this argument because we lack appellate jurisdiction to review the order

---

[4]    Even if the arbitration agreement does require Mr. Bonn to arbitrate his claim, the district court should have granted Mr. Bonn's motion to intervene and then granted Papa John's motion to compel arbitration. *See EEOC v. Rappaport, Hertz, Cherson & Rosenthal, P.C.*, 273 F. Supp. 2d 260, 262-65 (E.D.N.Y. 2003).

[5]    Papa John's cites the Eighth Circuit's opinion in *EEOC v. Woodmen of the World Life Ins. Soc'y*, 479 F.3d 561 (8th Cir. 2007), as establishing that "an individual claimant cannot intervene in an EEOC enforcement action where that claimant entered into an arbitration agreement with his or her employer." Appellee's Br. at 11. But in *Woodmen*, the district court granted the employee's motion to intervene; and that ruling was not at issue in the appeal. *Woodmen*, 479 F.3d at 564, 570. In fact, the Eighth Circuit remanded the employee's claim with instructions to stay the claim pending the conclusion of arbitration; the employee was not excluded from the litigation. *Id.* at 570. Thus, *Woodmen* does not bear on whether the district court should have granted Mr. Bonn's motion to intervene under Rule 24(a)(1).

8

compelling arbitration. *See Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1274 (10th Cir. 2012) ("Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." (quoting *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994))).

For appellate jurisdiction to exist, the order compelling arbitration must constitute a "final decision," which is a decision that disposes of all claims by all parties in the underlying action. Because the EEOC's claim against Papa John's remains ongoing in district court, the order compelling arbitration did not dispose of all claims by all parties in the action. Consequently, the order does not constitute a final decision and we must dismiss this portion of Mr. Bonn's appeal for lack of jurisdiction.

### A. We have appellate jurisdiction to review an order compelling arbitration only if that order constitutes a "final decision."

Appellate jurisdiction over arbitration orders is governed by § 16 of the Federal Arbitration Act. 9 U.S.C. § 16; *see Green Tree Fin. Corp.– Alabama v. Randolph*, 531 U.S. 79, 84 (2000) ("Section 16 of the Federal Arbitration Act . . . governs appellate review of arbitration orders."). Under § 16, we have appellate jurisdiction over an order compelling arbitration only if the order constitutes a "final decision." 9 U.S.C. § 16(a)(3). The Federal Arbitration Act does not define the term "final

9

decision" as used in §16. But this term, as used in the Federal Arbitration Act, incorporates the federal courts' "longstanding interpretation" of the term "final decision." *Green Tree Fin. Corp.–Alabama*, 531 U.S. at 88. Thus, we interpret the term "final decision" in § 16 based on the term's ordinary meaning. *See id.* at 86.

We ordinarily consider a decision as "final" only if it disposes of all claims by all parties. *See New Mexico v. Trujillo*, 813 F.3d 1308, 1316 (10th Cir. 2016) ("A final decision must dispose of all claims by all parties . . . ."); *see also* Fed. R. Civ. P. 54(b) (stating that unless a district court certifies otherwise, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties"). Thus, we must determine whether the order compelling arbitration fully disposed of all parties' claims.

**B.   Because the EEOC's action against Papa John's remains ongoing in district court, the order compelling arbitration does not constitute a final decision.**

The district court's order did not dispose of the EEOC's claim, and that claim is currently proceeding in district court.[6] Thus, the order

---

[6]   The district court's docket sheet indicates that the EEOC's claim against Papa John's remains pending, and nothing in the record or the parties' submissions suggests otherwise. On March 28, 2016, for instance, the district court entered a scheduling order setting a July 2017 trial date for the EEOC's claim. *See* Scheduling Order at 4, *EEOC v. PJ Utah LLC*, No. 2:14-cv-695-DB (D. Utah Mar. 28, 2016), ECF No. 69.

compelling Mr. Bonn to arbitrate does not constitute a final decision. *See*

Appellant's App'x at 71-72 (district court's order compelling arbitration of

Mr. Bonn's claim without addressing the EEOC's claim). In these

circumstances, we lack appellate jurisdiction over that order.[7]

Mr. Bonn argues that the order compelling arbitration qualifies as a

final decision because it ended his own involvement in the litigation. To

support this argument, Mr. Bonn observes that the order compelling

arbitration was accompanied by a denial of his motion to intervene. "Taken

---

[7]     Under certain circumstances, the collateral order doctrine expands
the ordinary and well-established meaning of "final decision" to include "a
narrow class of decisions that do not terminate the litigation, but must, in
the interest of 'achieving a healthy legal system' . . . nonetheless be
treated as 'final.'" *Dig. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863,
867 (1994) (quoting *Cobbledick v. United States*, 309 U.S. 323, 326
(1940)). Some circuits have held that the collateral order doctrine is not
available to establish appellate jurisdiction under 9 U.S.C. § 16. *E.g.*, *Al
Rushaid v. Nat'l Oilwell Varco, Inc.*, 814 F.3d 300, 304 (5th Cir. 2016);
*Johnson v. Consumerinfo.com, Inc.*, 745 F.3d 1019, 1022 (9th Cir. 2014).
This Court has not yet weighed in on this question.

This appeal does not require us to decide the availability of the
collateral order doctrine under § 16. As the appellant, Mr. Bonn bears the
burden to establish appellate jurisdiction. *See Raley v. Hyundai Motor Co.*,
642 F.3d 1271, 1275 (10th Cir. 2011).

To satisfy that burden, Mr. Bonn argues that the district court's order
compelling arbitration qualifies as final in the ordinary and well-
established sense, but he raises no alternative argument that we can
otherwise consider the order as "final" under the collateral order doctrine.

Because Mr. Bonn does not invoke the collateral order doctrine, we
decline to address the doctrine's applicability here. *See id.* ("It is the
appellant's burden, not ours, to conjure up possible theories to invoke our
legal authority to hear [an] appeal.").

together," he contends, "these two . . . orders effectively dismissed all of Mr. Bonn's claims because he is barred . . . from taking part in the EEOC's litigation." Appellant's Opening Br. at 24.

This argument misapprehends the rule on finality. The question is not whether Mr. Bonn's own involvement in the district-court action has ended. Instead, the material question is whether the district court has disposed of *all* claims by *all* parties. *See Trujillo*, 2016 WL 683831, at *4. Because the EEOC's claim is ongoing in district court, the order did not dispose of all claims by all parties.

In urging appellate jurisdiction over the order compelling jurisdiction, Mr. Bonn relies on *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79 (2000), and *Armijo v. Prudential Ins. Co. of Am.*, 72 F.3d 793 (10th Cir. 1995). These opinions hold that an order compelling a plaintiff to arbitrate a claim constitutes an appealable final decision under 9 U.S.C. § 16(a)(3) when the claim is dismissed with prejudice rather than stayed pending the conclusion of arbitration. *Green Tree*, 531 U.S. at 86 & n.2; *Armijo*, 72 F.3d at 797. Because the district court denied the motion to intervene, Mr. Bonn maintains that he has been excluded from the litigation like the claimants in *Green Tree* and *Armijo*, whose claims were dismissed with prejudice after the court ordered arbitration.

Mr. Bonn's reliance on *Green Tree* and *Armijo* is misplaced. In both cases, the disputed orders compelling arbitration disposed of all parties'

12

claims. *Green Tree*, 531 U.S. at 86 (observing that district court's order "disposed of the entire case on the merits and left no part of it pending before the court"); *Armijo*, 72 F.3d at 796-97 (exercising appellate jurisdiction over two separate actions in which the district court had compelled plaintiffs in each action to arbitrate all pending claims). Here, however, the EEOC's claim remains pending in district court. Nothing in *Green Tree* or *Armijo* suggests that we can disregard the rule of finality.

For these reasons, we dismiss this portion of Mr. Bonn's appeal for lack of appellate jurisdiction.[8]

## IV. Disposition

We reverse the denial of Mr. Bonn's motion to intervene. Based on a lack of appellate jurisdiction, we dismiss Mr. Bonn's appeal from the district court's order compelling arbitration.

---

[8] Mr. Bonn also argues that he is entitled to immediate appellate review of the order compelling arbitration because he cannot appeal that order until after the court enters final judgment. *See* Appellant's Reply Br. at 5-6. But Mr. Bonn will have an opportunity to challenge the district court's arbitrability ruling in post-arbitration proceedings. *See Pioneer Props., Inc. v. Martin*, 776 F.2d 888, 891 (10th Cir. 1985) (holding that a party compelled to arbitrate may seek appellate review of the district court's arbitrability determination in post-arbitration proceedings).