FILED
United States Court of Appeals
Tenth Circuit

April 9, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

AURELIO GALINDO,

    Petitioner,

v.

OFFICE OF THE CHIEF
ADMINISTRATIVE HEARING
OFFICER, EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW;
SMITHFIELD FOODS; YUMA
COUNTY,

    Respondents.

No. 20-9601
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.
_____

Aurelio Galindo, a foreign national from Mexico proceeding pro se,[1] seeks review

of an order from the Office of the Chief Administrative Hearing Officer ("OCAHO").

The order granted two motions to dismiss Galindo's claims of citizenship-status

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Galindo appears pro se, we liberally construe his pleadings but will not act as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (citation omitted).

discrimination, which he asserted under 8 U.S.C. § 1324b. For the following reasons, we deny his petition.

## BACKGROUND

Galindo is a Mexican foreign national authorized to work in the United States under a TN visa.[2] On May 10, 2019, Galindo filed a charge with the Department of Justice's Immigrant and Employee Rights Sections ("IER") against Respondents Smithfield Food ("Smithfield") and Yuma County. Galindo filed this charge under the antidiscrimination provisions of the Immigration and Nationality Act ("INA") as amended by the Immigration Reform and Control Act of 1986 ("IRCA"), 8 U.S.C. § 1324b. In his charge, he alleged that Respondents had discriminated against him based on his citizenship and national-origin status, had retaliated against him for asserting his § 1324b rights, and had committed unfair documentary practices.

On October 15, 2019, the IER sent Galindo a letter of determination informing him that it was dismissing his charge for four reasons. First, the IER concluded that Galindo is an "Alien Authorized to Work" and thus is not a protected individual for citizenship status discrimination. R. at 13. Specifically, it explained that "individuals protected against citizenship status discrimination are limited to only U.S. citizens, nationals, certain lawful permanent residents, aliens lawfully admitted for temporary residence under [8 U.S.C. §§] 1160(a) or 1255a(a)(1) . . . and persons admitted as asylees

---

[2] This type of visa is available to temporary professionals from Mexico and Canada under the North American Free Trade Agreement (NAFTA). *Temporary (Nonimmigrant) Workers*, https://www.uscis.gov/working-in-the-united-states/temporary-nonimmigrant-workers (last visited Apr. 8, 2021).

or refugees." *Id.* Second, it determined that it lacked jurisdiction over the national-origin claim against Smithfield. Third, it stated that Galindo hadn't provided facts supporting his claims for unfair documentary practices and retaliation. And fourth, it explained that Galindo hadn't provided details identifying how Yuma County had been involved in the alleged discriminatory or retaliatory acts. It also advised Galindo that he could challenge the decision by presenting his claims to the OCAHO.

On January 24, 2020, Galindo filed a pro se complaint with the OCAHO using a standard form, in which he similarly alleged that Smithfield had discriminated against him based on his citizenship status and national origin in violation of § 1324b(a)(1), had retaliated against him in violation of § 1324b(a)(5), and had committed document abuse in violation of § 1324b(a)(6).[3] Specifically, Galindo alleged the following:

*Discrimination in Hiring, Recruitment, or Referral for a Fee under § 1324b(a)(1):*

- On March 5, 2018, Smithfield refused to hire him for the position of "product resource specialist," even though he was qualified for the job and Smithfield was looking for workers, R. at 6;

- He does not know the reasons why he was not hired, R. at 7 ("never call me back no give reasons.");

- The job remained open and Smithfield continued to take applications from other people after he was not hired; and

- Someone else (whom he does not know) was hired for the position.

*Discrimination-in-Firing under § 1324b(a)(1):*

- On October 2, 2013, he was fired for: "broken safety procedures" and a "fake signature in [a] complaint" R. at 8;

---

[3] Without providing any detail, Galindo identifies Andrea Anderson, a Smithfield employee, as the person who discriminated against him.

3

- He was qualified for the job, and yet other workers in a similar position with different nationalities or citizenship were able to continue working;

- He wants to be rehired;

- Earlier, he was fired "without reason (gay person)" but was rehired, *id.*; and

- After the rehiring, Andrea Anderson told him that she needed "[an]other person to give her point of view about [him]," and later someone "down[ed] [his] level," *id.*

*Intimidation, Threats, Coercion, or Retaliation under § 1324b(a)(5):*

- In July 2013, he was retaliated against for an event seemingly involving assistant manager Jesus Ross, a missing "board," and an alleged fake signature that wasn't Galindo's. R. at 9.

*Documentation Practices under § 1324b(a)(6):*

- On July 2, 2013, Smithfield asked him for more or different documents than required for the employment-verification process to show his eligibility to work in the United States;

- On October 2, 2013, Smithfield refused to accept the documents he presented to prove his identity and authorization to work in the United States; and

- Someone working under Andrea Anderson asked Galindo for the card that USCIS gave him for work authorization, asked him when his card would expire, and asked him when he would become a permanent resident.

Galindo mentions Yuma County only in his handwritten addendum. There, he alleges various types of "harassment" by the "Police of Yuma, IC3 of FBI and other lawyers & Agenc[ies]." R. at 12. He seems to claim that from March 5, 2018 to January 20, 2020, this group "intimidated" him by:

- Taking "electronic emails" that he used "for [the] purpose of Department of State (USA)";

- Accessing certain email addresses;

- Taking "original letters of work" from his home in Yuma, including "letters of

4

employment offer[s]";

- Listening to calls from his phone. *Id.*

Galindo also mentions blocked communications, terrorism, and human trafficking, again without identifying any specific actors in Yuma County.

On March 2, 2020, Smithfield filed an answer in the OCAHO proceeding in which it denied all material allegations and raised several affirmative defenses. It also filed a motion to dismiss Galindo's complaint. A month later, Yuma County filed its answer in the OCAHO proceeding in which it denied all material allegations and raised several affirmative defenses, and it too filed a motion to dismiss.

On August 18, 2020, the Chief Administrative Law Judge ("ALJ") of the OCAHO granted both motions to dismiss, dismissing Galindo's entire complaint. Addressing the claims against Smithfield, the ALJ concluded that the claims were time-barred because Galindo filed the charge more than 180 days after the alleged discriminatory acts. The ALJ noted that the last alleged wrongful acts by Smithfield occurred on March 5, 2018, but more than 180 days had elapsed before Galindo filed his IER charge on May 10, 2019. In addition, the ALJ found that neither of the exceptions to the normal timing requirements applied, so there were no grounds for tolling it.

Addressing the claims against Yuma County, the ALJ concluded that the OCAHO lacked jurisdiction over the claims because Galindo had not alleged that Yuma County had committed an unfair immigration-related employment practice under § 1324b. The ALJ explained this was so because § 1324b covers claims "that involve the hiring, recruitment, or discharge of employees, retaliation for engaging in protected conduct, and

5

document abuse." R. at 305 (citations and internal quotation marks omitted) ("Nothing in the language of § 1324b suggests that it could encompass claims regarding police harassment that are unrelated to employment."). The ALJ also concluded that Galindo had not alleged a retaliation claim against Yuma County, because § 1324b is "not a catch-all statute" but one that prohibits retaliation "only when that retaliation is engaged in for the purpose of discouraging activity related to the filing of [IER] charges or interfering with rights or privileges" secured under § 1324b. *Id.* (citation omitted).

On September 9, 2020, Galindo filed a petition for this court to review the ALJ's decision. He later moved for leave to proceed in forma pauperis. We exercise jurisdiction under 8 U.S.C. § 1324b(i)(1).

## DISCUSSION

### I.      Legal Background

In 1986, Congress amended the INA by enacting the IRCA. *See* 8 U.S.C. § 1324b. The amended statute establishes "an extensive employment verification system, § 1324a(a)(1), designed to deny employment to aliens who (a) are not lawfully present in the United States, or (b) are not lawfully authorized to work in the United States, § 1324a(h)(3)." *Split Rail Fence Co., v. United States*, 852 F.3d 1228, 1232 (10th Cir. 2017) (citation and internal quotation marks omitted). It also makes it unlawful for an employer (1) "to hire . . . an alien knowing the alien is an unauthorized alien," 8 U.S.C. § 1324a(a)(1)(A); (2) "to hire . . . an individual without complying with" the employment verification system, *id.* § 1324a(a)(1)(B); and (3) "to continue to employ [an] alien . . . knowing the alien is (or has become) an unauthorized alien," *id.* § 1324a(a)(2).

6

The amended statute also includes an anti-discrimination provision under which an employer's "request, for purposes of satisfying the requirements of section 1324a(b) of this title, for more or different documents than are required under such section or refusing to honor documents tendered that on their face reasonably appear to be genuine shall be treated as an unfair immigration-related employment practice if made for the purpose or with the intent of discriminating against an individual." *Id.* § 1324b(a)(6).

The OCAHO has jurisdiction to hear alleged INA violations. 28 C.F.R. § 68.2. ALJs in the OCAHO issue orders stating their findings of law and fact. 8 U.S.C. § 1324a(e)(3)(B)–(C). An ALJ's order becomes the final agency decision unless appealed to the Chief Administrative Hearing Officer. 28 C.F.R. § 68.52(g). A party adversely affected by a final order may then petition a circuit court for review. *Id.* § 68.56.

We review the OCAHO's decisions on questions of law de novo. *Liaosheng Zhang v. Off. of Chief Admin. Hearing Officer*, 441 F. App'x 524, 525 (9th Cir. 2011).

## II.    Claims Against Smithfield

The ALJ dismissed the complaint against Smithfield after concluding that the claims were time-barred. We agree.

Under § 1324b, "[n]o complaint may be filed respecting any unfair immigration-related employment practice occurring more than 180 days prior to the filing of the charge with the [IER]." § 1324b(d)(3). Claims based on events occurring more than 180 days before the filing of an IER charge are barred by operation of law unless a tolling exception applies. *See Ndzerre v. Wash. Metro. Area Transit Auth.*, 13 OCAHO no. 1306, 8–9 (2017). One such exception inures when the petitioner "shows (1) that he has been

7

pursuing [his] rights diligently, and (2) that some extraordinary circumstance stood in [his] way and prevented timely filing." *Id*. at 8–9 (citing *Dyson v. District of Columbia*, 710 F.3d 415, 421 (D.C. Cir. 2013)). A second exception permitting tolling arises when a claim has been inadvertently filed with the EEOC (or possibly another incorrect subsidiary of the OCAHO) when it should have been filed with the IER. *Id*. at 9 (citing *Caspi v. Trigild Corp.*, 6 OCAHO no. 907, 957, 964 (1997)).

Galindo filed his charge with IER on May 10, 2019. This means that the challenged conduct had to have occurred within the preceding 180 days to be timely. *See* § 1324b(d)(3). Stated otherwise, any conduct that occurred before November 11, 2018 would be statutorily barred unless Galindo showed that an exception applies. *See id.* But as the ALJ noted, Galindo did not allege any conduct that occurred between November 11, 2018 and May 10, 2019. Rather, all of the alleged conduct occurred on or before March 5, 2018. Accordingly, Galindo's allegations are all statutorily time-barred.

Further, we agree with the ALJ that none of the exceptions to the timing limitations apply in this case. None of the allegations or facts in the record show that (1) Galindo was diligently pursuing his rights or that (2) some extraordinary circumstance stood in his way. *See Ndzerre*, 13 OCAHO no. 1306, at 9. Similarly, Galindo undoubtedly filed his charge in the correct venue from the outset. *See id.* Accordingly, Galindo's claims against Smithfield are time-barred.

## III.   Claims Against Yuma County

The ALJ dismissed Galindo's claims against Yuma County for lack of subject-matter jurisdiction. After reviewing the entire record, we agree with the ALJ's

conclusion.

The rules and procedures for ALJs to use in the OCAHO are governed by 28 C.F.R. § 68. Under § 68.10(a), a respondent "may move for a dismissal of the complaint on the ground that the complainant has failed to state a claim upon which relief can be granted." Under § 68.10(b), an ALJ may dismiss a complaint "based on a motion by the respondent or without a motion from the respondent, if the [ALJ] determines that the complainant has failed to state a claim upon which relief can be granted."

Although § 68.10 mirrors the federal standard for motions to dismiss under Fed. R. Civ. P. 12(b)(6), the regulations do not have a rule that is analogous to Fed. R. Civ. P. 12(b)(1). In situations in which the OCAHO rules are lacking, § 68.1 instructs that "[t]he Federal Rules of Civil Procedure may be used as a general guideline in any situation not provided for or controlled by these rules, by the Administrative Procedure Act, or by any other applicable statute, executive order, or regulation." Therefore, as is common in OCAHO proceedings with other procedural rules, we assess subject-matter jurisdiction by relying on federal jurisprudence interpreting Fed. R. Civ. P. 12(b)(1). *See, e.g.*, *Torres v. Pac. Cont'l Textiles, Inc.*, 10 OCAHO no. 1203, 4 (2013) ("OCAHO jurisprudence accordingly looks to federal case law interpreting that rule for guidance in determining when summary decision is appropriate." (citation omitted)).

Under federal law, Fed. R. Civ. P. 12(b)(1) motions take one of two forms. *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1272 n.1 (10th Cir. 2012) (citation omitted). A facial attack accepts as true the factual allegations in the complaint, but a

9

factual attack "goes beyond the factual allegations of the complaint and presents evidence in the form of affidavits or otherwise to challenge the court's jurisdiction." *Id.*

Here, the ALJ relied on allegations *within* Galindo's complaint to find that Galindo did not establish subject-matter jurisdiction because he neither alleged an employment relationship nor a protected activity:

- "It does not appear *from the complaint* that any of this alleged conduct was linked to a protected act from Complainant";

- "This forum does not have jurisdiction to hear Complainant's claims against Yuma County *because the Complainant does not allege* an unfair immigration-related employment practice under 8 U.S.C. § 1324b";

- "Moreover, *the complaint does not allege* that Yuma County retaliated against Complainant for engaging in a protected act"; and

- "Given that *Complainant did not allege* an existing or prospective employment relationship with Yuma County, it is unclear how Yuma County could have retaliated against Complainant for any conduct that would be protected under 8 U.S.C. § 1324b."

R. at 305 (emphases added).

We too need not look beyond the four corners of the complaint to conclude that the OCAHO lacked subject-matter jurisdiction to resolve Galindo's complaint as to Yuma County. The anti-discrimination provision of the INA proscribes unfair immigration-related *employment* practices. 8 U.S.C. § 1324b. But here, neither Galindo's complaint nor his written addendum alleges an existing or prospective employment relationship between himself and Yuma County.

In addition, none of the conduct Galindo describes involving Yuma County is protected conduct under the statute. At best, Galindo alleges that "the police of Yuma,

10

IC3 of FBI and other lawyers & agenc[ies]" took employment letters from Galindo's residence, surveilled his calls and emails, blocked his communications, and engaged in terrorism and human trafficking. R. at 12. None of these acts involve § 1324b rights. The ALJ thus correctly held that it lacked jurisdiction over these claims.

## CONCLUSION

For the reasons discussed above, we DENY Galindo's petition for review. Further, because Galindo has not presented a reasoned, non-frivolous argument for appeal, he is not entitled to proceed without payment of the filing fee, and his additional application to proceed in forma pauperis is likewise DENIED.

Entered for the Court

Gregory A. Phillips
Circuit Judge

11